UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS GAGE, | : | CASE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MOMENTUM SOLAR LLC, | : | |
| | : | |
| Defendant. | : | JANUARY 11, 2024 |

# COMPLAINT

## JURISDICTION AND VENUE

This action arises under the Americans with Disabilities Act ("ADA") as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq*; Connecticut General Statues; and Connecticut State Law.

1. The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

2. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

3. Supplemental jurisdiction over Plaintiff's supplemental state law claims is invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

4. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. The Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission in Charge No. 16A-2022-00467 on October 30, 2023.

6. Plaintiff received a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities in Charge No. 2230345 on October 30, 2023.

**PLAINTIFF**

7. The Plaintiff, Nicholas Gage ("Plaintiff" or "Gage"), is a natural person and resident of the City of Stamford and State of Connecticut.

**DEFENDANT**

8. The Defendant, Momentum Solar LLC ("Defendant" or "Momentum Solar"), is a Delaware limited liability company, headquartered in New Jersey, and conducts substantial business within the State of Connecticut, having a principal place of business located at 80 Clark Drive, Unit A-1, East Berlin, CT 06023.

9. Defendant employs more than twenty (20) employees.

**FACTUAL ALLEGATIONS**

10. Gage was hired by Momentum Solar on July 7, 2021.

11. Gage was employed by Momentum Solar as a Sales Representative.

12. Gage worked out of Momentum Solar's East Berlin, CT location.

13. Gage is epileptic.

14. Gage has a record of treatment for his epilepsy.

15. Gage's epilepsy substantially limited one or more of his major life activities including, but not limited to, working.

16. As a result of his epilepsy, Gage is disabled.

-2-

**A. Gage Discloses his Epilepsy to Momentum Solar.**

17. On August 23, 2021, Gage began working for Momentum Solar.

18. On August 23, 2021, Gage attended training for his position at Momentum Solar's office in New Jersey.

19. On August 24, 2021, Gage disclosed his epilepsy to his training class.

20. Momentum Solar was notified of Gage's epilepsy.

21. Gage asked his trainer, Gregory Powell ("Powell,") who should be notified of Gage's epilepsy.

22. Powell responded by thanking Gage for letting him know.

23. On September 7, 2021, Gage returned to Momentum Solar's East Berlin office to continue with training.

24. Gage was trained by Sales Manager Christopher Andreadis ("Andreadis.")

25. When Gage arrived at the office and sat down with Andreadis, Gage asked him who he should inform about his epilepsy.

26. Gage notified Momentum Solar of his disability for the second time.

27. Instead of answering Gage's question, Andreadis asked Gage if Gage's epilepsy was going to affect Gage.

28. Andreadis questioned Gage's ability to perform his duties because of Gage's epilepsy.

29. Gage responded, "I'm not sure. I hope it doesn't. I just wanted to let someone know."

30. Andreadis then told Gage to "not worry."

31. On September 20, 2021, Gage had an appointment with his neurologist.

32. During the appointment, Gage's doctor told Gage that Gage should not be driving.

33. Driving is a major life activity.

34. After his appointment, Gage called Andreadis and informed him of his neurologist's medical opinion.

35. Gage informed Andreadis that he should not drive.

36. Gage advised Momentum Solar of his need for an accommodation for his disability.

37. Gage's request for an accommodation for his disability was medically necessary.

38. Gage's request for an accommodation for his disability was reasonable.

39. Gage was able to perform his job duties with or without an accommodation.

40. Andreadis told Gage not to worry about it.

41. Andreadis promised that he would look for another position for him that would fit his medical accommodations.

42. Andreadis did not ask Gage to provide any documentation to support Gage's request for an accommodation for his disability.

43. Andreadis did not tell Gage to report to work.

44. On September 23, 2021, Gage reached out to Momentum Solar about his reasonable accommodation for him and received a cellular text message in return from his manager, stating, "Hey Nick not yet. I might have a retail position for you in the future for sure but for now I'll have to term[inate] you in the system."

45. Gage then asked for clarification on what the manager meant by "term you in the system."

46. The manager replied, stating, "you're no longer working here."

47. Momentum Solar did not engage in an interactive process with Gage to determine whether an accommodation was available for Gage.

48. Momentum Solar did not advise Gage that Momentum Solar could not accommodate Gage.

49. On September 23, 2021, Momentum Solar terminated Gage.

50. Momentum Solar terminated Gage because of Gage's disability.

51. Momentum Solar terminated Gage because of Gage's request for an accommodation for his disability.

52. Given the totality of the circumstances and the proximity of events, it is clear that Gage has been discriminated and retaliated against and his disabilities were a motivating factor in his termination.

53. As a result of Momentum Solar's discrimination, failure to accommodate Gage's disabilities, and retaliation, Gage has suffered damages.

## COUNT ONE

### DISABILITY DISCRIMINATION,
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12101 et seq.

54. The Plaintiff hereby re-alleges and reincorporates paragraphs 1-53 with the same force and impact as if fully set forth herein.

55. Plaintiff was diagnosed with epilepsy.

56. Plaintiff's medical conditions substantially limited one or more of his major life activities, including but not limited to working.

57. Plaintiff has a record of his medical condition.

58. Plaintiff is disabled.

59. Plaintiff notified Defendant of his medical conditions.

60. Defendant perceived Plaintiff to be disabled.

61. In the alternative, Defendant perceived Plaintiff to have a physical and/or mental impairment.

62. Plaintiff was at all times qualified for the position he held.

63. Defendant subjected Plaintiff to disparate treatment, including but not limited to assignment of responsibilities, scheduled hours, and rate of pay.

64. Plaintiff suffered adverse employment actions, including, but not limited to, termination of his employment.

65. Defendant's conduct violated 42 U.S.C. § 12101 et seq. by discriminating against Plaintiff, retaliating against Plaintiff, failing to accommodate Plaintiff, subjecting Plaintiff to disparate treatment on the basis of disability, and terminating Plaintiff.

66. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

67. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT TWO

### DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE, IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 et seq.

68. The Plaintiff hereby re-alleges and reincorporates paragraphs 1-67 with the same force and impact as if fully set forth herein.

69. Plaintiff requested reasonable accommodations for his disabilities, including, but not limited to, not driving.

70. Plaintiff's requested reasonable accommodations would not have caused Defendant an undue hardship.

71. Plaintiff's request for reasonable accommodation was medically necessary.

72. Defendant failed to engage in an interactive process to determine accommodations for Plaintiff.

73. Defendant denied Plaintiff's request for reasonable accommodations.

74. Defendant's conduct violated 42 U.S.C. § 12101 et seq. by discriminating against Plaintiff, retaliating against Plaintiff, failing to accommodate Plaintiff, subjecting Plaintiff to disparate treatment on the basis of disability, and termianting Plaintiff.

75. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

76. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT THREE

### DISABILITY RETALIATION
### IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### 42 U.S.C. § 12101 et seq.

77. The Plaintiff hereby re-alleges and reincorporates paragraphs 1-76 with the same force and impact as if fully set forth herein.

78. The Plaintiff participated in protected activities by requesting disability accommodations.

79. Defendant retaliated against Plaintiff by, including but not limited to, denying Plaintiff's request for reasonable accommodations and terminating Plaintiff.

80. Among the factors that motivated Defendant's actions were Plaintiff's disabilities.

81. Defendant's conduct violated 42 U.S.C. § 12101 et seq. by discriminating against Plaintiff, retaliating against Plaintiff, failing to accommodate Plaintiff, subjecting Plaintiff to disparate treatment on the basis of disability, reducing Plaintiff's pay, and constructively discharging Plaintiff.

82. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

83. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT FOUR

### DISABILITY DISCRIMINATION, IN VIOLATION OF CONN. GEN. STAT. § 46A-60(b)(1)

84. The Plaintiff hereby re-alleges and reincorporates paragraphs 1-83 with the same force and impact as if fully set forth herein.

85. Plaintiff was diagnosed with epilepsy.

86. Plaintiff's medical conditions substantially limited one or more of his major life activities, including but not limited to working.

87. Plaintiff has a record of his medical condition.

88. Plaintiff is disabled.

89. Plaintiff notified Defendant of his medical conditions.

90. Defendant perceived Plaintiff to be disabled.

91. In the alternative, Defendant perceived Plaintiff to have a physical and/or mental impairment.

92. Plaintiff was at all times qualified for the position he held.

93. Defendant subjected Plaintiff to disparate treatment, including but not limited to assignment of responsibilities, scheduled hours, and rate of pay.

94. Plaintiff suffered adverse employment actions, including, but not limited to, termination of his employment.

95. As such, Defendant's actions and conduct are a violation of Conn. Gen. Stat. § 46a-60(b)(1).

96. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

97. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT FIVE

**DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE,
IN VIOLATION OF CONN. GEN. STAT. § 46A-60(b)(1)**

98. The Plaintiff hereby re-alleges and reincorporates paragraphs 1-97 with the same force and impact as if fully set forth herein.

99. Plaintiff requested reasonable accommodations for his disabilities, including, but not limited to, not driving.

100. Plaintiff's requested reasonable accommodations would not have caused Defendant an undue hardship.

101. Plaintiff's request for reasonable accommodation was medically necessary.

102. Defendant failed to engage in an interactive process to determine accommodations for Plaintiff.

103. Defendant denied Plaintiff's request for reasonable accommodations.

104. As such, Defendant's actions and conduct are a violation of Conn. Gen. Stat. § 46a-60(b)(1).

105. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

106. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT SIX

### DISABILITY RETALIATION
### IN VIOLATION OF CONN. GEN. STAT. § 46A-60(b)(4)

107. The Plaintiff hereby re-alleges and reincorporates paragraphs 1-106 with the same force and impact as if fully set forth herein.

108. The Plaintiff participated in protected activities by requesting disability accommodations.

109. Defendant retaliated against Plaintiff by, including but not limited to, denying Plaintiff's request for reasonable accommodations and terminating Plaintiff.

110. Among the factors that motivated Defendant's actions were Plaintiff's disabilities.

111. As such, Defendant's actions and conduct are a violation of Conn. Gen. Stat. § 46a-60(b)(4).

112. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

113. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

Wherefore the Plaintiff prays that this court award:

1. Money damages;
2. Costs;
3. Punitive damages, attorney fees, and expert witness fees;
4. Pre-judgment interest
5. Trial by jury; and
6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
NICHOLAS GAGE

By: _____/s/_____
Michael C. McMinn (ct27169)
**THE MCMINN EMPLOYMENT LAW FIRM, LLC**
1000 Lafayette Blvd., Suite 1100
Bridgeport, CT 06604
Tel: (203) 683-6007
Fax: (203) 680-9881
michael@mcminnemploymentlaw.com

COUNSEL FOR PLAINTIFF